IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD ALLAN BATTEY, #A1029332, | Civ. No. 09-00252 SOM-LEK |
| Plaintiff, | ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915 |
| vs. | |
| STATE OF HAWAII, et al., | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT AND ACTION
PURSUANT TO 28 U.S.C. § 1915**

On June 5, 2009, pro se Plaintiff Richard Allan Battey, a prisoner incarcerated at Halawa Correctional Facility, in Aiea, Hawaii, filed a prisoner civil rights complaint, an *in forma pauperis* application, and a motion for appointment of counsel. (Docs. #1, #3, #4.)  The court has granted the *in forma pauperis* application and denied the motion for appointment of counsel. Battey alleges that Defendants violated his rights to due process and equal protection, as guaranteed under the U.S. Constitution and Hawaii's laws, when they failed to hold a timely preliminary revocation of parole hearing.  Because there are several insurmountable deficiencies with the Complaint, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

**I.   Legal Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an

officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2). If the court determines that a defect could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II. **Background**

Battey's Complaint names numerous Defendants and includes six counts, each alleging that his state and federal rights were violated during his parole revocation hearing. Although the Complaint is somewhat difficult to understand, it appears to claim that Battey was in custody on a separate and unrelated charge when, on April 26 or 27, 2006, the state court issued a warrant for revocation of his parole. Battey complains that, because his criminal attorney(s) did not immediately discover this warrant while they were representing him on the unrelated charge, his right to effective assistance of counsel was violated. A preliminary parole revocation hearing was held on February 1, 2007, and parole was revoked at the final hearing on March 14, 2007. Battey claims that this timeline violated his

state and federal rights to due process and equal protection of the law.

Although Battey invokes jurisdiction under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), he also asks the court to "review [his] civil rights claim to be entered as federal writ of habeas corpus . . . ." Comp. 8.  It is not clear if Battey seeks monetary or injunctive relief, as he says, "Relief request to be in the form of 'under color of' and 'under color of law' for criminal prosecution, municipal liability, suit of equity against said county, city, state, and persons held liable for improper imprisonment procedures for a period of 2 years and 9 months." *Id.*  The Complaint, in fact, appears to be an attempt to bring a hybrid civil rights complaint and habeas petition simultaneously.

### III.  Discussion

To the extent Battey is seeking damages, his claims are governed by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477(1994).  Under *Heck*, to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid.  *See id.* at 486-87.  A claim for damages arising from a conviction or

sentence that has not been so invalidated is not cognizable under § 1983.  *See id.*

*Heck*'s rationale bars claims for damages for harm caused by constitutional violations that led to a prisoner's confinement following a parole revocation hearing.  *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (holding *Heck* bars § 1983 action challenging revocation of supervised release).  Battey claims that his constitutional rights were violated when the Hawaii Paroling Authority ("HPA") unlawfully revoked his parole by, *inter alia*, holding an untimely hearing; as such, Battey's § 1983 claim is barred until such time as the HPA's decision revoking his parole has been reversed, expunged, set aside, or otherwise called into question.  Battey is clearly still imprisoned, and he makes no claim that his parole revocation has been reversed, expunged, set aside, or called into question by the state court.  Accordingly, insofar as Battey seeks damages, that claim is DISMISSED without prejudice to refiling after his parole revocation has been reversed.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (holding claim barred under *Heck* may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

To the extent Battey is seeking injunctive relief, in the form of release from custody, this claim is also DISMISSED. Battey can seek release from his current term of confinement, as it relates to his parole revocation,[1] only by filing a federal petition for a writ of habeas corpus, after he has exhausted his state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Battey is informed, however, that before he can proceed with a federal petition for writ of habeas corpus, he must first exhaust his state court judicial remedies concerning his parole revocation by way of a petition under Rule 40 of the Hawaii Rules of Penal Procedure. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982); *see also Turner v. Hawaii Paroling Auth.*, 1 P.3d 768, 778, 93 Hawaii 298, 308 (App. 2000).

Battey is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

---

[1] Battey is currently in custody, but it is unclear whether that custody stems from his parole revocation, the unrelated charge he mentions, or another charge or conviction.

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Because Battey's Complaint fails to state a cognizable claim under § 1983, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

## IV.  Conclusion

Battey's Complaint is DISMISSED without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).  Because Battey cannot amend this Complaint to cure its deficiencies at this time, this dismissal is without leave to amend and shall count as a strike, pursuant to 28 U.S.C. § 1915(g).  The Clerk is directed to terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 7, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Battey v. Hawaii, et al.*, 09-00252 SOM-LEK; Order Dismissing Complaint and Action Pursuant to 28 U.S.C. § 1915; pro se attys/screening/dmp/2009 Battey 09-252 (FTSC Heck bar)