IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

RICHARD ALLAN BATTEY,     )     Civ. No. 09-00252 SOM-LEK
#A1029332,            )
                   )
      Plaintiff,     )     ORDER DENYING MOTION FOR
                   )     RECONSIDERATION
      vs.          )
                   )
STATE OF HAWAII, Hawaii   )
Paroling Authority, DEP'T OF)
PUBLIC SAFETY, DEP'T OF    )
CORRECTIONS,          )
                   )
      Defendants.    )
_____)

## ORDER DENYING MOTION FOR RECONSIDERATION

On June 5, 2009, pro se Plaintiff Richard Allan Battey, a prisoner incarcerated at the Halawa Correctional Facility, filed a prisoner civil rights complaint, an *in forma pauperis* application, and a motion for appointment of counsel. (Docs. #1, #3, #4.) On June 24, 2009, the court granted the *in forma pauperis* application and denied the motion for appointment of counsel. (Doc. #7.) On July 7, 2009, the court screened and dismissed the Complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). (Doc. #9.) On July 23, 2009, Battey moved for reconsideration of the orders denying his motion for appointment of counsel and dismissing the Complaint. (Doc. #11.) The Motion for Reconsideration is DENIED.

## I.  LEGAL STANDARD

A motion for reconsideration may be filed under Federal Rule of Civil Procedure 59(e) if it was filed within ten days of the filing of the judgment, *see Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004), or under Rule 60(b) if filed more than ten days after judgment, *see Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  Although Battey asserts that he filed this Motion under Rule 59, the Motion was filed more than ten days after judgment was entered, and the court reviews it under Rule 60(b).[1]

Rule 60(b) provides for reconsideration when one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered within ten days of entry of judgment; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason

---

[1]Judgment entered on July 7, 2009.  (Doc. #10.)  Although Battey apparently signed his Motion on July 17, 2009, his mailing documents indicate that the Motion was given to prison authorities on July 21, 2009, and mailed on July 22, 2009.  *See* Doc. 11, Mot. at 13, and attached envelope, ex. 2.  Under the prison mailbox rule, Battey's Motion is therefore deemed filed on July 21, 2009, the date he handed it to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988).

justifying relief.  Fed. R. Civ. P. 60(b); *Sch. Dist. 1J v.*

*ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

To succeed, a party must set forth facts or law of a

strongly convincing nature to induce the court to reverse its

prior decision.  *See, e.g., Kern-Tulare Water Dist. v. City of*

*Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986).  "Whether or

not to grant reconsideration is committed to the sound discretion

of the court."  *Navajo Nation v. Confederated Tribes & Bands of*

*the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)

(citation omitted).

## II.   BACKGROUND

Battey's Complaint alleges that his civil rights were

violated before, during, and after his parole revocation hearing,

because the hearing was untimely under Hawaii's laws and

mandatory administrative rules.  Battey was in custody awaiting

trial on a drug offense charge when, on April 26 or 27, 2006, the

state court issued a warrant for revocation of his parole.  *See*

Comp. at 5; Mot. at 11.[2]  The preliminary parole revocation

hearing was not held until February 1, 2007, and parole was

revoked on March 14, 2007.  Comp. at 7(b).  Battey therefore

claims that the Hawaii Paroling Authority ("HPA") violated his

---

[2]On January 27, 2006, Battey was charged with Promoting a
Dangerous Drug in the Third Degree.  *See* Hawaii State Judiciary's
Public Access to Court Information, Ho`ohiki, available at:
http://hoohiki1.courts.state.hi.us/jud/Hoohiki/JSAPM52F5.

rights to due process and equal protection by failing to hold a
timely preliminary parole revocation hearing.[3]   Battey further
alleges that his attorney(s) provided ineffective assistance of
counsel because they did not immediately discover the parole
revocation warrant while representing him on the drug offense
charge, although he does not name them as defendant(s).   Comp. at
7©.

In his Motion, Battey states that the drug offense
charge was later dismissed with prejudice.[4]   Because Battey's
parole was revoked, presumably based on his arrest for the drug
charge,[5] Battey is required to complete a drug treatment program.
Mot. at 11.   Battey now says that he is also challenging this

---

[3]*See* Haw. Rev. Stat. § 706-670(7), which states in pertinent
part:

> When a parolee has been recommitted, the authority
> shall hold a hearing within sixty days after the
> parolee's return to determine whether parole should be
> revoked.

[4]The charge was dismissed on June 15, 2007, for a speedy
trial violation.   *See* Haw. R. Penal. P. 48; *see also*
http://hoohiki1.courts.state.hi.us/jud/Hoohiki.

[5]*See* Hawaii Administrative Rules ("HAR") § 23-700-82(1)(a)
(detailing the general terms and conditions of parole); *see also*
HAR § 23-700-41 (authorizing the HPA to issue a warrant of arrest
for revocation of parole only upon probable cause that the terms
and conditions of parole have been violated); HAR § 23-700-44
(stating that a violation of parole requires a finding, based on
a preponderance of the evidence, that the parolee has violated
the terms and conditions of parole).

requirement as a violation of due process, although this claim is
not in the Complaint.  *Id.*

Battey filed a state post-conviction petition with the
Circuit Court of the First Circuit, State of Hawaii, pursuant to
Rule 40 of the Hawaii Rules of Penal Procedure ("Haw. R. Penal
P."), in July 2007.  Mot. at 8.  This petition was apparently
denied by the Honorable Michael Town in October 2007.  *Id.*
Battey says the decision was unclear "whether it was with or
without prejudice[, it was] simply dismissed and denied."  *Id.*
Battey admits that he did not appeal this decision, and "assumed
that he had exhausted all state remedies."  *Id.*

Battey claims that the Hawaii Attorney General's
response to his Rule 40 petition stated that "it appears
Petitioner may have the right to file a civil rights action for
monetary damages in a district court for the violation of due
process rights."  Mot. 8-9.  Battey says that this statement led
him to file this suit in federal court as a civil rights action.

### III.  DISCUSSION

Battey presents no intervening change in controlling
law or newly discovered evidence not previously available
justifying reconsideration.  The court reviews Battey's motion as
filed pursuant to Rule 60(b)(6).  That provision requires
"extraordinary circumstances" to justify relief.  *Gonzalez v.
Crosby*, 545 U.S. 524, 536 (2005) (requiring "extraordinary

circumstances"). Specifically, Rule 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any other reason that justifies relief." *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (recognizing that courts use this provision sparingly as an equitable remedy to prevent manifest injustice when extraordinary circumstances are present).

Battey first argues that this court should have recognized that his "Complaint invokes multiple jurisdictions" and was meant to be reviewed as both a civil rights complaint and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mot. at 2-3 (stating the pleading is a "Civil Rights Complaint **'and/or'** Federal Writ of Habeas Corpus." (emphasis added)). Conversely, Battey also argues that the court is at fault for docketing his pleading as a civil rights action, suggesting that the court should have recognized that it was a habeas petition instead. *Id.*

Battey next argues that dismissal of the Complaint without leave to amend is improper because: (1) the court was scheduled to assess his case status on August 31, 2009, he intended to file an amended Complaint before that date, but the Complaint was dismissed before that date; and (2) under existing law, the court cannot dismiss a Complaint or action unless a motion has been filed and the plaintiff has had the opportunity

to respond, or until a plaintiff is granted leave to correct the
deficiencies by amending the Complaint.  Mot. at 7.  Finally,
Battey argues that his motion for appointment of counsel should
not have been denied because he diligently attempted to acquire
counsel and he has no legal knowledge.

A.    The Court Properly Construed and Reviewed the Pleading.

        The court rejects Battey's argument that his Complaint
should have been reviewed as both a prisoner civil rights action
and a petition for writ of habeas corpus.[6]  As explained in the
Order Dismissing Complaint, these causes of action are mutually
exclusive and cannot be presented in one omnibus pleading.  A
petition for writ of habeas corpus is the proper mechanism for
challenging the "legality or duration" of a prisoner's
confinement; a civil rights complaint is the proper method for
challenging a prisoner's conditions of confinement.  *See Badea v.
Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Crawford v. Bell*, 599
F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of
habeas petition on basis that challenges to terms and conditions
of confinement must be brought in civil rights complaint).

        There are also several significant procedural
differences between the two types of actions.  For example, the
filing fee for a habeas petition is five dollars; for civil

---

[6]Battey, in fact, still argues that the court should review
his action as both a civil rights action *and* a habeas corpus
action.  *See* Mot. at 3.

rights cases, $350.  *See* 28 U.S.C. § 1914(a).  Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner is required to pay the full filing fee in a civil rights case, even if granted *in forma pauperis status*, but does not have to do so with a habeas petition.  *See Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997);  28 U.S.C. § 1915(a)(2).  Prisoners who might be willing to file a habeas petition, for which they would not have to prepay a filing fee, might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account.  Similarly, a prisoner's civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.  Thus, the court cannot construe Battey's Complaint as simultaneously representing both a prisoner civil rights complaint and a petition for writ of habeas corpus.

Moreover, when a complaint states a habeas claim, instead of a § 1983 claim, a court is generally required to dismiss the claim or complaint without prejudice to refiling a habeas action, rather than converting it to a habeas petition and addressing it on the merits.  *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997).  Conversely, if a complaint alleges claims that sound in habeas and claims that do not, the court should allow the non-habeas claims to proceed, and dismiss the habeas claims

without prejudice.  *See Ybarra v. Reno thunderbird Mobile Home Village*, 723 F.2d 675, 681-82 (9th Cir. 1984).  "[A] state prisoner's § 1983 action is barred (absent prior invalidation--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  Here, the Complaint's parole revocation claims sounded in habeas, it was clear that his parole revocation had not been invalidated, and Battey did not present any other cognizable civil rights claims.

Further, Battey admits in his Motion that he intended to file the Complaint as a federal civil rights action, not a habeas petition, relying on the Hawaii Attorney General's alleged statement that he might be able to file a federal civil rights action to redress his claims concerning his untimely parole revocation.  Battey explicitly invoked jurisdiction pursuant to the civil rights statutes, 42 U.S.C. §§ 1983, 1985, and 1986, as well as *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, and chose to file the Complaint on a prisoner civil rights complaint form, rather than on a habeas corpus form, although both forms are readily available at the prison.  It is not the court's prerogative to construe Battey's  action as a habeas

petition despite his clear intention to proceed under a different theory of the law.  As such, the court also rejects Battey's argument that the court "chose" to docket his Complaint as a prisoner civil rights complaint, and it is, therefore, the court's mistake that must be corrected.  *See* Mot. at 3.

The court carefully reviewed Battey's Complaint to determine whether his claims sounded in civil rights or habeas jurisprudence.  Battey was not challenging the constitutionality of the HPA's written procedures regarding parole revocation, a claim that would be cognizable under § 1983.  *See Wilkinson*, 544 U.S. at 82.  Battey was challenging the alleged untimeliness of the parole revocation proceeding, and sought a determination that his parole was improperly revoked because Defendants failed to timely hold the preliminary hearing.  Battey's claims would, if meritorious, "necessarily demonstrate" the invalidity of his parole revocation and current incarceration.  This court found that Battey failed to state a claim under § 1983 because he admitted that he was still incarcerated and he presented no facts or allegations showing that his parole revocation had been invalidated.[7]  As such, Battey's claims were dismissed as barred

_____

[7]Although the court did not rely on this fact when dismissing the Complaint, Battey explicitly states in his Motion that his Rule 40 petition was denied by the circuit court and he did not appeal this decision.  This statement makes clear that Battey's parole revocation has not been revoked, expunged, etc. It also indicates that Battey cannot, and could not, provide facts in an amended complaint curing this particular deficiency.

by the "favorable termination" rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Williams v. Consovoy*, 453 F.3d 173, 177 (3rd Cir. 2006) (holding that prisoner may not attack the revocation of his parole via a § 1983 action because that revocation had not been rendered invalid); *White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that a § 1983 claim based on revocation of parole was barred by *Heck*).

This court then determined that, insofar as Battey asserted habeas corpus jurisdiction and claims, although this was not clear from the Complaint, those claims must be dismissed without prejudice to refiling in a habeas action, after all state judicial remedies have been exhausted. *See* Order Dismissing Complaint at 5; see also *Balisok*, 520 U.S. at 649; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Battey presents no argument convincing this court that this decision was incorrect.

B.    The Effect of the Case Status Order

The court also rejects Battey's argument that, because he was informed that the court would assess his case status on August 31, 2009, and he was intending to file an amended complaint before that date, it was not within the court's jurisdiction to dismiss the action prior to that date. The Case Status Order, issued on June 5, 2009, is a form order that informs pro se prisoner litigants that Rule 16 scheduling dates

will not be set until after the complaint is served and answered.

This order has no bearing on when the court may dismiss an

action, as discussed more fully below.

C.    The Prison Litigation Reform Act

        Battey argues that the court cannot *sua sponte* screen

and dismiss a prisoner complaint, or dismiss a claim, pleading,

or action without motion or leave granted to amend.  Battey

apparently believes that the PLRA has not yet been enacted.[8]

Battey is mistaken, as the PLRA was enacted on April 26, 1996.

*See* Pub. L. No. 104-134, 110 Stat. 1321 (1996).

        Under the PLRA, the court is required to screen and

dismiss any prisoner complaint naming government actors, "before

docketing, if feasible or, in any event, as soon as practicable

after docketing," if the complaint is frivolous, malicious, fails

to state a claim, or seeks damages from defendants who are immune

from suit.  28 U.S.C. § 1915A(a-b).  The court is **not** required to

wait until a motion has been filed before dismissing the

complaint, notwithstanding Battey's claim to the contrary.

Battey is clearly confused about the screening requirements set

forth in § 1915A(a).  This court screened Battey's Complaint as

---

        [8]Battey states, "Plaintiff has been informed that *proposed*
amendments to 28 U.S.C. § 1915 would permit . . . dismissals [of
prisoner complaints that are frivolous, malicious, or fail to
state a claim . . .] 'at any time'. . . .  However, . . . under
existing law, such dismissals can only be granted after a motion
is made and you are given a chance to respond or to correct
whatever is wrong with your complaint."  Mot. at 7

soon as practicable, as required by the statute.  Finding that

the Complaint failed to state a cognizable claim under § 1983,

and that it could not be amended to cure its defects, the

Complaint was dismissed without leave to amend.  *See Lucas v.*

*Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez*

*v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Further

review of the Complaint, in light of Battey's arguments in the

Motion, convinces this court that this decision was correct.

D.    The Denial of the Motion to Appoint Counsel

On June 24, 2009, the Magistrate Judge denied Battey's

Motion for Appointment of Counsel as premature and meritless.

The dismissal was explicitly without prejudice to refiling after

the court screened the Complaint, determined it stated a claim,

and directed service on Defendants.  Battey argues that the

Motion should not have been denied because he tried to obtain

counsel and he has little legal knowledge himself.

A district court may designate a magistrate judge to

determine any pretrial matter except for certain dispositive

motions.  28 U.S.C. § 636(b)(1)(A).[9]  A party may appeal a

_____

[9]28 U.S.C. § 636(b)(1)(A) provides:

    [A] judge may designate a magistrate judge to hear
and determine any pretrial matter pending before the
court, except a motion for injunctive relief, for
judgment on the pleadings, for summary judgment, to
dismiss or quash an indictment or information made by
the defendant, to suppress evidence in a criminal case,
to dismiss or to permit maintenance of a class action,

magistrate judge's determination of a pretrial nondispositive

matter to the district court.  *See id.*; Fed. R. Civ. P. 72(a)

(allowing the court to refer nondispositive matters to the

magistrate judge); L.R. 74. 1.  The district court may modify or

set aside any portion of the magistrate judge's order found to be

"clearly erroneous or contrary to law."  28 U.S.C.

§ 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. 74.1.

        The Magistrate Judge's Order Denying Appointment of

Counsel was carefully reasoned, clearly explained, and without

prejudice to refiling.  It was neither clearly erroneous nor

contrary to law.  This is particularly true in light of this

court's later determination that the Complaint failed to state a

claim.  The Order Denying the Motion for Appointment of Counsel

is AFFIRMED.

---

        to dismiss for failure to state a claim upon which
        relief can be granted, and to involuntarily dismiss an
        action. A judge of the court may reconsider any
        pretrial matter under this subparagraph (A) where it
        has been shown that the magistrate judge's order is
        clearly erroneous or contrary to law.

14

## IV.  <u>CONCLUSION</u>

As Battey presents no persuasive reason warranting reconsideration, his Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2009.



 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Battey v. Hawaii, et al.*, 09-00252 SOM-LEK; Order Denying Motion for Reconsideration; pro se attys/recon/dmp/2009 Battey 09-252